UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER WEEDMARK,                                    6:15-CV-1655-TC

Plaintiff,

v.                                                                      ORDER

ADAM WILSON,

Defendant.

COFFIN, Magistrate Judge:

This is a §1983 action arising from a prison work-place injury that led to the amputation of one of plaintiff's fingers. Plaintiff alleges that defendant Corporal Adam Wilson told him to perform work in unsafe conditions that amounted to cruel and unusual punishment and that Corporal Wilson was deliberately indifferent to those unsafe conditions.

Presently before the court are defendant's motion (#18) for summary judgment and plaintiff's motion (# 17) for partial summary judgment. For the reasons stated below, the motions are denied.

Page 1 - ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Page 2 - ORDER

• •

## Discussion

Plaintiff suffered the injury to his hand while working in the prison's recycling shop. He was told to strip insulation off of a 1 inch copper wire for recycling. P.p. 57-61 of Wilson Deposition. (P.p. 25-29 of #19-1). Plaintiff had requested the prison purchase wire strippers that would cost from about $56 to $200, but the prison denied the request as stripping wire was not a frequent task at the shop. See p. 38 of Weedmark Deposition (p. 9 of #19-2) and p.p. 33 of Wilson Deposition (p.10 of Exh. 2 attached to #17).

Several different methods to strip the wire were attempted without success. Eventually plaintiff used a hand- held grinder with a blade for cutting wood attached to it and plaintiff was injured. Wilson states that he expressed concern about the tool, and told plaintiff he was not going to use that. P. 43 of Wilson Deposition ( p. 12 of Exh. 2 attached to #17). Defendant's counsel deposed plaintiff Weedmark and stated that defendant Corporal Wilson's recollection was that Corporal Wilson said to plaintiff, "don't use that, you'll cut your [expletive] hand off." P. 36 of Weedmark Deposition (p. 7 of #19-2).[1] Defendant's counsel then asked plaintiff if he disputed this and plaintiff replied that he did dispute it and that Corporal Weedmark did not say that. Id.

Based on the foregoing, summary judgment for either party is precluded as there is a genuine issue of material fact as to the existence of deliberate indifference. Drawing all reasonable inferences from the parties' statements in favor of the nonmovant plaintiff, defendant recognized the danger of using the tool, but did not tell plaintiff to not use it. Drawing all reasonable inferences from the statements in favor of nonmovant defendant, plaintiff was specifically told in no uncertain terms not to use the tool, but did anyway.

_____

[1]Also see p.p. 46-47 of Wilson Deposition (p.13 of Exh. 2 attached to #17).

Even if there were not manifest factual disputes present, it would be better to proceed to a full trial because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1991).

## Conclusion

The parties' motions (#17 and #18) for summary judgment are denied.

DATED this ___4___ day of August, 2016 .

_____
THOMAS M. COFFIN
United States Magistrate Judge